## Commonwealth v. Weber

*J. Hay Brown, Jr.*, for motion.

*K. L. Shirk*, assistant district attorney, contra.

ATLEE, P. J., August 12, 1938.—In this case, Edwin Clinton Weber, Jr., appealed from a summary conviction before an alderman in the City of Lancaster. The offense charged was based upon a complaint that the said appellant "violated subsection A, section 1002, article 10 of The Vehicle Code of the Commonwealth of Pennsylvania, while driving on the public road at Lancaster, Pa., speeding over intersections on West James St., from Prince St. to College Avenue," etc. The said appellant also has filed a motion to quash the information on the ground that section 1002 (*e*) of The Vehicle Code of May 1, 1929, P. L. 905, provides as follows:

"(*e*) In every information charging violation of this section, reference shall be made to this section, and subsection alleged to have been violated, specifying the speed at which the defendant is alleged to have driven", and that the information does not meet the requirements of this section.

At the hearing on the appeal, police officer Albert Farkas, a member of the Lancaster City police force, testified that he brought the complaint because appellant ran through a stop-sign at the intersection of Prince and James Streets, headed west on James Street. As the officer started following appellant he "started going a little

faster all the time." His speed was increased to between 40 and 45 miles per hour. Where College Avenue intersects James Street there is a stop-sign and for this stop-sign appellant stopped. The officer testified that he stopped appellant just as appellant resumed going through the stop-sign, told appellant the speed at which the officer's instrument on the motorcycle had registered his speed, and then brought the complaint for the reckless manner in which appellant had driven over street intersections and not for the rate of speed at which appellant had been driving. Appellant testified that he could not specify his speed at any one instance, but that his average speed was 30 miles per hour for the distance which the officer had followed him and clocked his speed. Appellant said that he had not stopped at any intersections short of College Avenue.

From a careful examination of The Vehicle Code, supra, with its amendments and supplements, and in particular the provisions of section 1002(e), requiring the speed at which defendant is alleged to have driven to be specified in the information, the court is convinced that this provision of section 1002(e) is to be read in connection with section 1002(d), relating to timed speed. Appellant has been accused in the information with violation of section 1002(a). This section does not require a vehicle driver to observe any definite speed. The court is bound to conclude, therefore, that appellant had notice of the offense with which he was charged.

While proceedings to enforce penalties for violation of The Vehicle Code are quasi-penal in their nature and therefore the act authorizing such proceedings must be strictly construed (see Commonwealth v. Wolfgang, 120 Pa. Superior Ct. 252), nevertheless, it appears to the present court that sections 1002(d) and (e) of The Vehicle Code must be read together and that section (e) qualifies only section (d). In the present case there were no speed limit signs set up on James Street and no complaint of disregard of such signs. The complaint was based on the

averment that the vehicle driver violated the provisions of section 1002 (*a*). Such violation may occur while driving at any speed.

The motion to quash the information is overruled. The appeal is dismissed.

Appellant is found guilty of violating section 1002 (*a*) of The Vehicle Code as amended by the Act of June 22, 1931, P. L. 751, sec. 2, 75 PS §501 (*a*). The court orders that appellant be called before the court for sentence.